UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SOLAR BAT ENTERPRISES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00638-JRS-MJD |
| | ) |
| RIDGE ROAD OUTDOOR | ) |
| MARKETPLACE d/b/a RIDGE ROAD | ) |
| OUTDOORS LLC, RIDGE ROAD | ) |
| OUTDOORS SALES & DISTRIBUTION, | ) |
| LLC, RIDGE ROAD TRUCK.COM | ) |
| | ) |
| Defendant. | ) |

**Order Denying Motion for Default Judgment**

Plaintiff, Solar Bat Enterprises, Inc., alleges that Defendant, Ridge Road Outdoor Marketplace, (1) breached its marketing contract with Plaintiff, (2) is liable for conversion of Plaintiff's inventory, and (3) engaged in deceptive trade practices and fraud in violation of Minnesota law. (Am. Compl., ECF No. 8.) Defendant has not appeared before the Court nor responded in this case. The Clerk entered Defendant's default on April 8, 2021. (ECF No. 16.) Before the Court is Plaintiff's Amended Motion for Default Judgment. (ECF No. 26.) Upon further review of the allegations in the Complaint, the Court **denies** Plaintiff's Motion because the Court lacks subject matter jurisdiction over the action.

**Legal Standard**

"If the court determines at *any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added); *see also*

*Swaim v. Moltan Co.*, 73 F.3d 711, 716 (7th Cir. 1996) ("We will . . . set aside a default judgment as a *per se* abuse of discretion if the district court that entered the judgment lacked jurisdiction."). The Court acknowledges that it is raising this issue *sua sponte* after almost two years since the filing of the Complaint. However, the Court is well within its authority to do so, and in fact, must do so. *See Buethe v. Britt Airlines, Inc.*, 749 F.2d 1235, 1238 n.3 (7th Cir. 1984) ("[C]ourts must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking.").

Federal courts can have subject matter jurisdiction over a case in two ways: (1) federal question jurisdiction, where the action "aris[es] under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or (2) diversity jurisdiction, "where the matter in controversy exceeds the sum or value of $75,000, exclusive interest and costs, and is between . . . citizens of different States," 28 U.S.C. § 1332. When the amount in controversy threshold is uncontested, courts will generally "accept the plaintiff's good faith allegation of the amount in controversy unless it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (cleaned up).

In analyzing a plaintiff's complaint in the context of a default judgment, "the district court is obliged to accept as true all facts alleged by the plaintiff and all reasonable inferences contained therein." *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994).

**Plaintiff's Complaint**

In this case, Plaintiff has not stated any claims that arise under federal law. (*See* Am. Compl., ECF No. 8.) As a result, the Court cannot exercise federal question jurisdiction over the action. Instead, Plaintiff alleges that this Court has subject matter jurisdiction through diversity. (*Id.* at 1.) There are two flaws with this assertion.

First, Plaintiff has not adequately alleged complete diversity between Plaintiff and Defendant. For diversity purposes, "what matters for the citizenship of a *corporation* is its state of incorporation and its principal place of business." *Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018) (emphasis added). On the other hand, the citizenship of an unincorporated association, such as a limited liability company, is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003); *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("We've held repeatedly that there's no such thing as a [state name here] partnership or LLC, that only the partners' or members' citizenships matter, and that their identities and citizenships must be *revealed*.").

Plaintiff is a business incorporated under the laws of Indiana with its principal place of business in Indiana; thus, Plaintiff is a citizen of Indiana. (Am. Compl. 1, ECF No. 8.) However, Plaintiff has not adequately pleaded the citizenship of Defendant. Defendant is a limited liability company organized under the laws of Minnesota. While Plaintiff has provided the Court with the address of Defendant's

limited partners, (*Id.* at 2), Plaintiff's Complaint remains deficient as to the *citizenship* of Defendant's members. It is well established that an allegation of residence is inadequate; residency and citizenship are not the same, and it is the latter that matters for purposes of diversity. *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Consequently, the Court cannot make a determination as to the existence of complete diversity between Plaintiff and Defendant.

The second flaw (and the more insurmountable one) in Plaintiff's assertion of diversity jurisdiction is that Plaintiff has not properly alleged an amount in controversy exceeding the requisite $75,000 threshold. Plaintiff claims the following damages: (1) $26,255.54 breach of contract damages for inventory that Defendant did not pay for or return; (2) $450.00 in advertising services never rendered; (3) $7,569.16 in unsold inventory that was not timely returned; and (4) $3,232.86 in legal fees and costs. (Am. Mot. Default J., ECF No. 26.) These damages amount to a total of $37,507.56, a sum well short of the $75,000 threshold. To overcome the threshold shortfall, Plaintiff alleges that Defendant's conduct constituted a deceptive trade practice that entitled Plaintiff to treble his breach of contract damages under Minn. Stat. §325E.14[1]; thus, Plaintiff alleges damages of $78,766.62. (*Id.*)

This argument would sufficiently resolve the amount in controversy requirement but for the fact that the statute on which Plaintiff relies is nowhere to be found. First, Minn. Stat. § 325E.14 (the statute that Plaintiff cited multiple times) is a statute

---

[1] Under the contract, disputes are to be adjudicated in accordance with Minnesota law. (Am. Compl. 2, ECF No. 8.)

prohibiting the tampering of odometers on motor vehicles. Nothing in the statute is related to deceptive trade practices or treble damages. Second, assuming Plaintiff merely provided the wrong citation but intended to rely on the Minnesota Deceptive Trade Practices Act, the Court still fails to see any provisions providing for treble damages under that statute. In fact, the Minnesota Deceptive Trade Practices Act, codified under Minn. Stat. § 325D.44, does not provide a plaintiff with *any* monetary relief. *See* Minn. Stat. § 325D.45 (providing remedies of injunctive relief and costs/attorney fees only). Without a sufficient basis for treble damages, Plaintiff fails to exceed the $75,000 amount in controversy threshold needed for diversity jurisdiction.

The Court notes that Plaintiff may be able to sufficiently plead complete diversity if given leave to amend; however, the Court sees no statutory path for Plaintiff to seek treble damages under Minnesota law and to therefore meet the amount in controversy threshold.

## Conclusion

Therefore, the Court **denies** Plaintiff's Amended Motion for Default Judgment. (ECF No. 26.) Having never had subject matter jurisdiction over the action, the Court **vacates** the Clerk's entry of default. (ECF No. 16.) The case is **dismissed without prejudice** so that Plaintiff may file its action in the appropriate forum. The Clerk is **directed** to enter final judgment.

5

**SO ORDERED.**

Date: 09/02/2022

                                                    JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. Mail:

Ridge Road Outdoor Marketplace
309 S. Elm Street
Rushford, MN 55971

Ridge Road Outdoor Marketplace
c/o Registered Agents: Kimberly J. Heppding and Geoffrey W. Heppding
13432 Hwy 30 SE
Chatfield, MN 55923-5592

Distribution to registered counsel of record via CM/ECF.